IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Donna K. Stubbins,                                              Case No. 3:04CV7728

        Plaintiff

   v.                                                                        ORDER

State of Ohio, et al.,

        Defendant

      This is a suit under 42 U.S.C. § 1983 in which the plaintiff, a prisoner committed to the custody of the Ohio Department of Rehabilitation following pleas of guilty to burglary and related charges, claims that her sentences violate the Equal Protection Clause of the United States Constitution. The gravamen of her complaint is that she was denied the opportunity to obtain drug treatment in lieu of imprisonment due to the prosecutor's concern with displaying favoritism to the wife of an elected public official.

      Pending is a motion to dismiss, which shall be granted.

      The plaintiff's suit is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a claim is not cognizable under § 1983 if a ruling on such claim would affect the validity of the plaintiff's confinement.

      That is exactly what would happen if the plaintiff were to prevail in this suit: namely, the sentence she currently is serving would be altered, if not eliminated. The *Heck* doctrine, accordingly, controls, and requires dismissal of plaintiff's complaint.

      It is, therefore,

ORDERED THAT the defendants' motion to dismiss be, and the same hereby is granted.

An appeal from this decision could not be taken in good faith and shall not be allowed without prepayment of the requisite filing fee.

So ordered.

/s/James G. Carr  
James G. Carr  
Chief Judge